Yana A. Hart (SBN: 306499)
yana@kazlg.com
David J. McGlothlin (SBN: 253265)
david@kazlg.com
**KAZEROUNI LAW GROUP, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

*Attorneys for Plaintiff*
Stacy Johnson

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| STACY JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>BRISTOL POINT FINANCIAL, INC.,<br><br>Defendant. | **Case No: 8:20-cv-00183**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785,** *et seq.*<br>2. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C § 1692,** *et seq.*; **AND**<br>3. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ Code § 1788,** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has similarly determined the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. The California Legislature has also found the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.* ("CCCRAA") to ensure fairness, impartiality, and to protect consumer privacy. The CCCRAA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

4. Stacy Johnson, ("Plaintiff"), through Plaintiff's attorneys, brings this action for legal and equitable remedies for Bristol Point Financial, Inc. ("Defendant")

violations of the FDCPA, Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code § 1788, *et seq.*, and the CCCRAA, California Civil Code § 1785.1, *et seq.,* with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and for its inaccurate, erroneous reporting of the debt Plaintiff allegedly owes.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. All violations alleged regarding the FDCPA and Rosenthal Act are material violations as they would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

11. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

12. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

13. This Court has personal jurisdiction because Defendant is a California corporation located in Irvine, California. Further, Defendant regularly and is authorized to conduct business within the County of Orange, State of California, collecting debts on behalf of its creditor client.

14. A substantial part of the events or omissions giving rise to the claim occurred in Irvine, California against Plaintiff who resides Irvine, California, which is within this judicial district, and therefore venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

15. At all times relevant, Defendant conducted business within the County of Orange, the State of California.

## PARTIES AND DEFINITIONS

16. Plaintiff is a natural person, as that term is used in 15 U.S.C. § 1692 *et seq.*, who resides in the County of Orange, State of California.

17. Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

18. Plaintiff is an individual whose credit reports were affected by Defendant's erroneous furnishing of information. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

19. Defendant is incorporated under the laws of California and has its headquarters in Irvine, California.

20. Because Defendant is a partnership, corporation, association, or other entity, it is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

21. Plaintiff alleges that Defendant is a furnisher of consumer credit information as contemplated by the CCCRAA because Defendant regularly, and in the

ordinary course of business, furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

22. This Complaint pertains to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

23. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

### FACTUAL ALLEGATIONS

24. On or around May 16, 2015, Plaintiff leased a certain property from a third-party landlord, the Village Cambria Apartments, LLC (the "Village"). Accordingly, Plaintiff incurred a financial obligation, for housing and rental services (the "Debt").

25. These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5) and by Cal. Civ. Code § 1788.2(g).

26. Sometime thereafter, but before November of 2018, Plaintiff fell behind in payments owed to the Village.

27. As a result, on or about November 1, 2018, the Village filed an unlawful detainer action against Plaintiff at the Superior Court of California, County of Orange (*Case No. 30-2018-01029808*).

28. Ultimately, on January 23, 2019, a stipulated judgment was entered between Plaintiff and the Village whereby, the Village was awarded possession of the property and a money judgment for the amount of **$5,480** (the "Judgment").

29. In accordance with the Judgment, Plaintiff timely vacated the property.

30. Subsequently, the Village retained Defendant to collect on the money Judgment against Plaintiff.

31. In June of 2019, Plaintiff received the first of many collection letters from Defendant dated June 29, 2019.

32. The June 29, 2019 letter stated in relevant part, "We have been retained by the Village Cambria Apartments LLC to collect from you the entire balance, which as of June 29, 2019 was **$9,103.25**, that you owe." (emphasis added).

33. Then, Defendant sent another letter dated July 29, 2019, stating Plaintiff owed an amount of **$9,148.29**.

34. Distraught by Defendant's letters indicating she owed nearly double the Judgment entered on January 23, 2019, Plaintiff checked her credit report only to discover that as of August 1, 2019 Defendant also reported a **$9,152** balance as due and owing.

35. Plaintiff was further shocked when Defendant began calling her mother in attempts to collect on the Debt.

36. On August 20, 2019, Defendant, from the number (949) 354-6419 placed a call to Plaintiff's mother's phone and left a voicemail stating "Yeah trying to reach Stacy, my name is Jim and I'm calling from Bristol Point. My call back number is 949-558-0254 reference number 125885580…"

37. In response to Defendant's letters, false reporting claiming incorrect amounts owed, and unauthorized calls to her mother, on or around August 26, 2019,

Plaintiff sent a letter via certified mail to Defendant disputing the amount demanded.

38. Despite Plaintiff's dispute letter, Defendant continuously called Plaintiff's mother's phone leaving substantively similar voicemails on August 28, 2019, September 24, 2019, and October 21, 2019.

### Cal. Civ. Code § 1785.25(a)

39. Under Cal. Civ. Code § 1785.25(a), "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

40. Defendant reported information to credit reporting agencies that it had reason to know or should known was inaccurate. A clear and unambiguous judgment was entered (public record) definitively limiting the Debt to $5,480. Defendant, therefore, had explicit and authoritative evidence the Debt was $5,480, and to furnish otherwise is inaccurate. Accordingly, Defendant's reporting violated Cal. Civ. Code § 1785.25(a).

41. By reporting inaccurate information to credit reporting agencies, Defendant misrepresented the status of Plaintiff's financial obligations. As a result of Defendant's improper and unauthorized conduct, Plaintiff has suffered damages due to Defendant's misrepresentations regarding Plaintiff's current Debt balance and obligations.

42. This inaccurate reporting will adversely affect credit decisions because credit guarantors are made aware of Plaintiff's current debt to income ratio during an application process.

43. **15 U.S.C. § 1692c(b)** Under 15 U.S.C. § 1692c(b), a debt collector "may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if

otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

44. At no point did Plaintiff consent to Defendant contacting her mother.

45. Nonetheless, Defendant repeatedly called Plaintiff's mother—a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, a creditor's attorney, or Defendant's attorney—at least four times in attempts to collect on the Debt.

46. Plaintiff's mother who neither lived at the Village's apartments nor was named on the lease is now privy to Plaintiff's personal financial circumstances. As such, Plaintiff suffered embarrassment as a result of Defendant's violation of FDCPA, 15 U.S.C. § 1692(c)(b).

47. Because the Rosenthal Act incorporates the FDCPA, for the above reasons, Defendant violated 15 U.S.C. § 1692(c)(b) and Cal. Civ. Code § 1788.17.

### 15 U.S.C. § 1692e

48. The Rosenthal Act incorporates its federal counterpart, the FDCPA through Cal. Civ. Code § 1788.17. This incorporation includes 15 U.S.C. § 1692e, which states, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes, but is not limited to "[t]he false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).

49. The Judgment against Plaintiff was entered for $5,480.

50. The Village already litigated its claims on the Debt and a valid judgment entitled the Village to only $5,480.

51. Effective as of the date of the Judgment, this is the amount owed on the Debt.

52. As such, Defendant's representations that the amount owed is nearly double the Judgment are false.

53. Defendant's attempts to collect excess monies is in violation of 15 U.S.C. § 1692e(2).

54. Because the Rosenthal Act incorporates the FDCPA, Defendant has also violated Cal. Civ. Code § 1788.17 based on the conduct above.

### 15 U.S.C. § 1692f

55. 15 U.S.C § 1692f states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." This includes, but is not limited to "the collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

56. Defendant's representations that Plaintiff owed $9,148.29, $9,152, and $9,103.25, were directly contrary to law and in excess of the valid Judgment entered on January 23, 2019. As such, Defendant violated 15 U.S.C. § 1692f and Cal. Civ. Code § 1788.17 through incorporation.

### Cal. Civ. Code § 1788, *et seq.*

57. The RFDCPA incorporates the above FDCPA provisions through Cal. Civ. Code § 1788.17. Thus, in violating the above provisions of the FDCPA, Defendant violated Cal. Civ. Code § 1788.17.

### FIRST CAUSE OF ACTION
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE §§ 1785.1, *ET SEQ.*

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute a violation of the California Consumer Credit Reporting Agencies Act.

60. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing, and credit capacity.

61. Because Defendant is a partnership, corporation, association, or other entity, Defendant is therefore a "person" as that term is defined by Cal. Civ. Code §

1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

62. As a result of each and every violation of the CCCRAA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); injunctive relief pursuant to Calif. Civ. Code § 1785.31(b); and costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(d).

## SECOND CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *ET. SEQ.*

63. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 *et seq.*

65. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## THIRD CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32

66. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein against Defendants.

67. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to the above-cited provisions of the FDCPA.

68. As a result of each and every violation of the Rosenthal Act, Plaintiff and the Statewide subclasses are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**FIRST CAUSE OF ACTION**

**CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

**CAL. CIV. CODE §§ 1785.1, *ET SEQ*.**

- An award of actual damages, in an amount to be determined at trial pursuant to Cal. Civ. Code §1785.31(a)(2)(A), against Defendant;
- An Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendant;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) for Plaintiff and the Class;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and
- Any and all other relief that this Court deems just and proper.

///
///
///

## SECOND CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET. SEQ.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

## THIRD CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other relief this Court should deem just and proper.

## TRIAL BY JURY

66. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: December 19, 2019

By: s/Yana A. Hart
Yana A. Hart, Esq.
*Attorneys for Plaintiff*